CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 24, 2013

LETTER TO COUNSEL

RE:  *Paul Dudley v. Commissioner of Social Security*;
Civil No. SAG-11-0791

Dear Counsel:

On March 28, 2011, claimant Paul Dudley petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 18, 20). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Dudley filed his claims for benefits on February 22, 2007, alleging disability beginning on June 16, 2006. (Tr. 98-106). His claims were denied initially on June 13, 2007, and on reconsideration on October 31, 2007. (Tr. 69-73, 75-78). After a hearing on December 30, 2008, (Tr. 22-64), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits after determining that Mr. Dudley was not disabled. (Tr. 7-17). The Appeals Council denied Mr. Dudley's request for review, (Tr. 1-3), so the ALJ's opinion is the final, reviewable decision of the agency.

The ALJ found that Mr. Dudley suffered from a combination of uveitis/cataract surgery and hypertension, which was severe. (Tr. 12). Despite this impairment, the ALJ found that Mr. Dudley had retained the residual functional capacity ("RFC") to

> perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

(Tr. 14). With that RFC, Mr. Dudley would have been found disabled under the Medical-Vocational Guidelines, unless he was capable of performing past relevant work. After hearing testimony from a vocational expert ("VE"), the ALJ concluded that Mr. Dudley could perform his past relevant work as a sales manager/sales associate, and that he therefore was not disabled. (Tr. 16-17).

Mr. Dudley makes several arguments in support of his appeal. First, he argues that the ALJ failed to include any RFC limitations relating to his visual impairments. That assertion is technically incorrect, because the ALJ cited his visual impairment in finding a "need to avoid medium to heavy lifting." (Tr. 16). The ALJ failed to provide any explanation, however, as to why a restriction dealing with lifting appropriately addresses visual limitations.

Moreover, Mr. Dudley correctly notes that the ALJ provided an inadequate analysis to support his finding that Mr. Dudley was capable of his past relevant work. Despite asking the VE for information regarding the visual requirements of other jobs, the ALJ failed to inquire about the visual requirements of the positions of sales associate and sales manager. (Tr. 53-56, 58-61); s*ee* SSR 82-62, 1982 WL 31386, at *3 ("Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy."). This omission is particularly problematic because the VE specifically offered, "I can look at specific jobs and give you the specific requirements easily." (Tr. 56). The failure to accept the VE's offer left the ALJ with an inadequate record regarding the visual requirements of those positions.

Mr. Dudley's treating physician, Dr. George Peters, opined in December, 2007 that Mr. Dudley had significant visual limitations in "depth perception" and "accommodation." (Tr. 302). In analyzing Dr. Peters's opinion, the ALJ suggested that "subsequent records . . . showed improvement in his condition." (Tr. 16). That finding lacks support in the record. The ALJ contends that an August, 2008 record showed improvement in visual acuity to 20/40 and 20/32. (Tr. 16) (citing Exhibit 8F). In fact, the records in Exhibit 8F are dated from April through August, 2007, which means that they all pre-date Dr. Peters's opinion. (Tr. 251). The record showing 20/40 and 20/32 visual acuity is actually dated August 2, 2007, (Tr. 252), which would indicate that Mr. Dudley's visual acuity worsened slightly prior to Dr. Peters's December, 2007 opinion. Moreover, even if his visual acuity had improved, the reports make no obvious reference to depth perception or accommodation. (Tr. 252-63).

On remand, the ALJ should hear evidence regarding the visual requirements of Mr. Dudley's past relevant work and should analyze Dr. Peters's opinion accordingly. In so holding, I express no opinion on whether the ALJ's ultimate determination that Mr. Dudley was ineligible for benefits was correct or incorrect.

Finally, the ALJ says that he "agrees" with the opinions of the state agency medical consultants that there is no evidence that Mr. Dudley suffers from any severe impairment. (Tr. 16). However, as noted above, the ALJ found severe impairments, including the combination of "uveitis/cateract surgery" and hypertension. (Tr. 13). On remand, the ALJ should be more precise about the basis for his determination. Moreover, on remand, the ALJ should specify his findings regarding Mr. Dudley's allegation of peripheral neuropathy in his right upper extremity.

For the reasons set forth herein, Mr. Dudley's motion for summary judgment (ECF No. 18) and Defendant's motion for summary judgment (ECF No. 20) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge